OPINION
On October 30, 1998, a complaint was filed charging appellant, Dustin Bentley, a minor, with two counts of underage consumption in violation of R.C. 4301.632 and one count of assault in violation of R.C. 2903.13. Said counts arose from an incident on October 9, 1998 wherein one Gardner Evans was beaten up. A hearing before a magistrate was held on November 6, 1998. By decision dated same date, the magistrate found appellant delinquent on one count of complicity to commit assault. The underage consumption counts were dismissed. The magistrate recommended a six month commitment to the Ohio Department of Youth Services. On November 16, 1998, appellant filed objections to the magistrate's decision. A hearing was held on December 15, 1998. By judgment filed December 31, 1998, the trial court overruled appellant's objections and approved and adopted the magistrate's decision. Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I THE DECISION THAT DUSTIN BENTLEY WAS FOUND DELINQUENT ON THE CHARGE OF COMPLICITY TO ASSAULT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 I
Appellant claims the trial court's finding that he was delinquent for complicity to commit assault was against the manifest weight of the evidence. We disagree. On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991), 61 Ohio St.3d 259. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983),20 Ohio App.3d 172, 175. See also, State v. Thompkins (1997),78 Ohio St.3d 380. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175. Assault is defined in R.C.2903.13 as "[n]o person shall knowingly cause or attempt to cause physical harm to another or to another's unborn." Complicity is set forth in R.C. 2923.03 and states as follows: (A) No person, acting with kind of culpability required for the commission of an offense, shall do any of the following: (1) Solicit or procure another to commit the offense; (2) Aid or abet another in committing the offense; (3) Conspire with another to commit the offense in violation of section 2923.01 of the Revised Code; (4) Cause an innocent or irresponsible person to commit the offense.
Appellant argues there is no evidence absent his presence at the scene of the assault on Mr. Evans to prove he committed any crime. Appellant argues three individuals assaulted Mr. Evans and the descriptions of those three individuals from witnesses do not match his. In its judgment entry filed December 31, 1998, the trial court made extensive findings including the fact that appellant was with Mr. Evans prior to the assault, and was in a group of individuals surrounding Mr. Evans within three to four feet. In particular, at Finding of Fact No. 3, the trial court found the following: 3. Patrolman Smith heard yelling as he approached the scene. (T. p. 72). He observed an individual, who he identified as Dustin, `jumping up and down and taunting somebody it appeared.' (T. pp. 73, 75). He testified that Dustin was five (5) to ten (10) feet from the victim when he arrived. Officer Smith later testified that he witnessed Dustin `taunting' the victim as he approached. (T. at 75). (Footnotes omitted.)
In the omitted footnotes, the trial court explained that after review of the tape of the magistrate's hearing, the officer testified that appellant was "taunting" Mr. Evans, not "talking" as certified by the court reporter. From our review of the record, we find a group of four to five young men approached Mr. Evans and lured him off the porch of a residence to an alley. T. at 13-14. The young men proceeded to jump on Mr. Evans by surrounding him and attacking him. T. at 20. A witness, Mary Jo Johnson, testified a group of five to seven "kids" were "beating him, kicking him, hitting him, throwing things at him." T. at 30. Ms. Johnson stated "most of the kids that were out there were involved." T. at 34. When police officers arrived, all the attackers were still present. T. at 36. Officer Douglas Zartman observed six or seven individuals fighting in the alley and ordered everyone to the ground. T. at 46. No one left the area after the police arrived. T. at 48. Officer Zartman observed appellant with the other individuals surrounding Mr. Evans and they were all attacking him. T. at 57, 59. Officer Robert Smith specifically observed appellant "taunting" Mr. Evans and jumping up and down within five to ten feet of Mr. Evans. T. at 73, 75, 79. Based on this evidence, we find sufficient evidence of aiding or abetting an assault, and no manifest miscarriage of justice.
Assignment of Error I is denied.
By Farmer, J. Wise, P.J. and Hoffman, J. concur.